UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


RBS CITIZENS, N.A.,

                Plaintiff,

v.                                                  Case Number 11-14072-BC
                                                  Honorable Thomas L. Ludington

BAY PLAZA LIMITED PARTNERSHIP *et al*.,

                Defendants.
_____/

### ORDER DISMISSING SHOW CAUSE ORDER

Plaintiff RBS Citizens, N.A., successor to Charter One Bank, N.A., filed suit in this Court alleging default on two promissory notes executed by Defendants, Bay Plaza Limited Partnership, Jerome Beale, the Jerome Beale Revocable Living Trust, John Liadis, the John Liadis Revocable Living Trust, Matthew Burke, and the Matthew Burke Living Trust. The complaint asserts two claims for breach of the promissory notes, one claim for breach of an interest rate swap agreement on the notes, and two claims for breach of guarantee on notes. It seeks an appointment of a receiver and a judicial foreclosure.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). On November 10, 2011, a show cause order was issued directing Plaintiff to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction as the complaint asserted that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 without specifying under which provision of the Constitution, laws, or treaties of the United States Plaintiff's claims arise. ECF No. 11. On November 16, 2011, Plaintiff filed an amended

complaint amending its jurisdictional claim to assert that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff has its main office in Rhode Island and all Defendants are Michigan domiciliaries or entities organized under Michigan law. ECF No. 12.

"For diversity jurisdiction purposes," the Supreme Court instructs, "Congress has discretely provided that national banks 'shall . . . be deemed citizens of the States in which they are respectively located.' " *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (quoting 28 U.S.C. § 1348). Interpreting § 1348 in *Schmidt*, the Court established that a national bank "is not deemed a citizen of every State in which it conducts business or is otherwise amenable to personal jurisdiction." *Id*. at 318. Rather, for diversity purposes, a national bank is "located" only "in the State designated in its articles of association as its main office." *Id*. Therefore, this Court concludes that Plaintiff has properly pled that the parties are diverse and that the Court's show cause order has been satisfied.

Accordingly, it is **ORDERED** that the show cause order (ECF No. 11) is **DISMISSED**.


Dated:  November 30, 2011

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 30, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS